| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | CIVIL COVER SHEET | CASE NUMBER<br>12-0?035 CA 1? |
| PLAINTIFF<br><br>Carlos Gomez | VS. DEFENDANT<br><br>Andrew Kern<br>Ivette Kern | CLOCK IN |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ 001 - Eminent Domain
- ☐ 003 - Contracts and Indebtedness
- ☐ 010 - Auto Negligence
- ☐ 022 - Products Liability
- ☐ 023 - Condominium
- ☐ Negligence - Other
  - ☐ 097 - Business Governance
  - ☐ 098 - Business Torts
  - ☐ 099 - Environmental/Toxin Tort
  - ☐ 100 - Third Party Indemnification
  - ☐ 101 - Construction Defect
  - ☐ 102 - Mass Tort
  - ☐ 103 - Negligent Security
  - ☐ 104 - Nursing Home Negligence
  - ☐ 105 - Premises Liability - Commercial
  - ☐ 106 - Premises Liability - Residential
  - ☐ 107 - Negligence - Other
- ☐ Real Property/Mortgage Foreclosure
  - ☐ 108 - Commercial Foreclosure $0 - $50,000
  - ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  - ☐ 110 - Commercial Foreclosure $250,000 - or more
  - ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  - ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  - ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  - ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  - ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  - ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  - ☐ 117 - Other Real Property Actions $0 - $50,000
  - ☐ 118 - Other Real Property Actions $50,001 - $249,999
- ☐ 119 - Other Real Property Actions $250,000 or more
- ☐ Professional Malpractice
  - ☐ 094 - Malpractice - Business
  - ☐ 095 - Malpractice - Medical
  - ☐ 096 - Malpractice - Other professional
- ☒ Other
  - ☐ 120 - Antitrust/Trade Regulation
  - ☐ 121 - Business Transactions
  - ☐ 122 - Constitutional Challenge - Statute or Ordinance
  - ☐ 123 - Constitutional Challenge - Proposed amendment
  - ☐ 124 - Corporate Trust
  - ☐ 125 - Discrimination - Employment or Other
  - ☐ 126 - Insurance Claims
  - ☐ 127 - Intellectual Property
  - ☐ 128 - Libel/Slander
  - ☐ 129 - Shareholder Derivative Action
  - ☐ 130 - Securities Litigation
  - ☐ 131 - Trade Secrets
  - ☐ 132 - Trust Litigation
  - ☐ 133 - Other Civil Complaint
  - ☐ 009 - Bond Estreature
  - ☐ 014 - Replevin
  - ☐ 024 - Witness Protection
  - ☐ 080 - Declaratory Judgment
  - ☐ 081 - Injunctive Relief
  - ☐ 082 - Equitable Relief
  - ☐ 083 - Construction Lien
  - ☐ 084 - Petition for Adversary Preliminary Hearing
  - ☐ 085 - Civil Forfeiture
  - ☐ 086 - Voluntary Binding Arbitration
  - ☐ 087 - Personal Injury Protection (PIP)

CLK/CT 96 Rev. 12/09                                    Clerk's web address: www.miami-dadeclerk.com

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CARLOS GOMEZ,
    Plaintiff,
vs.

ANDREW KERN and IVETTE KERN,
    Defendant.
_____/

CIVIL DIVISION

CASE NO.: 12-1035 CA

**COMPLAINT**

COMES NOW, Plaintiff, CARLOS GOMEZ, by and through his undersigned counsel and sues Defendant, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages in excess of $15,000.00, for unpaid overtime wages, under the laws of the United States, and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. 201-219 (216 for jurisdictional placements) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendants, are Florida residents, living in Miami-Dade County, Florida, where Plaintiff was employed.

4. Defendants will hereinafter by referred to as "the Employer".

5. This action is brought by Plaintiff and those similarly situated to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provision of 29 U.S.C. Section 201 et seq., and specifically under the provision of 29 U.S.C. Section 207.

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. Section 1337, by Title 29



U.S.C. Section 216(b), and 28 U.S.C. Section 1343.

## COUNT I
## UNPAID OVERTIME

7. Plaintiff re alleges and re-adopts paragraphs 1 through 6 as fully set forth herein.

8. Plaintiff was employed with the Employer. He earned $300.00 per week, and he worked twelve (16) hour days, six (7) days a week, for a total of seventy-two (112) hours per week. Although Plaintiff worked in excess of forty hours per week, the Employer failed to pay his overtime wages as required by the FLSA. Plaintiff estimates his damages, as a matter of just and reasonable inference, as follow: 72 hours x $3.93 ( half time) = $282.96 x 159 weeks = $44,990.64 x 2 (liquidated) = $89,981.28.

9. At all times material hereto, the Employer failed to comply with Tile 29 U.S.C.§§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay them at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA. The additional persons who may become plaintiffs in this action are all paid by salary employees and/or former employees of Defendant who are and who were subject to the payroll practices and procedures described in paragraph 12 and who were employed by the Employer, and were not paid time and one-half of their regular rate of pay for all overtime hours worked.

10. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiffs and those similarly-situated are entitled to recover double damages.

11. Plaintiff has retained the law offices of the undersigned attorney to represent him in this

action and is obligated to pay a reasonable attorney's fee.

## COUNT II
## MINIMUM WAGE

12. Plaintiff realleges and re-adopts paragraphs 1 through 11 as fully set forth herein.

13. Plaintiff was employed for the Employer and earned $300.00 per week, a regular rate of $2.68 per hour from December 2007 through March 2010. Plaintiff was then given a raise to $400.00 per week from March 2010 until March 2011.

14. The Employer's payment of $2.68 per hour for the Plaintiff's labor between December, 2007 and March 2010, and $3.50 per hour from March 2010 through March 2011, was below the State of Florida's minimum wage requirement of $7.21 per hour.

15. The Plaintiff, CARLOS GOMEZ, earned between $300.00 per week and $400.00 per week and worked sixteen (16) hour days, seven (7) days a week, for a total of one hundred twelve (112) hours per week.

16. Plaintiff, CARLOS GOMEZ, worked from December 1, 2007 to March 1, 2010 and estimates his damages, as a matter of just and reasonable inference, as follows: 112 hours per week x $4.53 per hour (Minimum Wage Owed) = $507.36 x 107 weeks = $54,287.52 x 2 (liquidated) = $108,575.04.

17. Plaintiff, CARLOS GOMEZ worked from March 1, 2010 through March 1, 2011 and estimates his damages, as a matter just and reasonable inference, as follows: 112 hours per week x $3.31 per hour (Minimum Wage Owed) = $370.72 x 52 weeks = $19,277.44 x 2 (liquidated) = $38,554.88.

18. At all times material hereto, the Employer failed to comply with the FMWA in that Plaintiff and those similarly-situated performed services and received compensation below that

set forth by said Act. The additional persons who may become plaintiffs in this action are all salary employees and/or former employees of the Employer who are and who were subject to the payroll practices and procedures described in paragraphs 17 through 23 and who were not paid wages equal to or greater than that required by FMWA.

19. The Employer knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages and remains owing Plaintiff and those similarly-situated these wages since the commencement of Plaintiff's and those similarly-situated employee's employment with the Employer as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages under Section 448.11(6)(c)(1) of the Florida Statues.

20. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action is obligated to pay a reasonable attorney's fee.

## COUNT III
## SLAVERY

21. Plaintiff realleges and re-adopts paragraphs 1 through 21 as fully set forth herein.

22. Plaintiff alleges that the Employer is running a slave trade/sweat shop, where dozens of foreign workers are imported onto the Defendants property and forced to work under threat and duress of losing their job or being reported to immigration officials in violation of the Thirteenth Amendment of the United States Constitution.

23. Plaintiff alleges that he was a victim of the Employers enterprise, and was terminated immediately after confronting them about the absurdity of the hours he was required to work and tasks he was required to perform for the amount of pay he was receiving.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages and reasonable attorney's fees from the Employer pursuant to the Florida

Minimum Wage Act as cited above, to be proven at the time of trial for minimum owing to Plaintiff and those similarly-situated employees for their entire employment period with the Employer or as much as allowed by the Florida Minimum Wage Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid minimum wage and any relief which the Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly situated, demand trial by jury of all issues triable as of right by jury.

David Low, Esq.
Attorney for Plaintiff
28 West Flagler Street, 10th Floor
Miami, Florida 33130
Phone: (305) 728-1931
Fax: (305) 675-2685

By: _____
David Low, Esq.
Florida Bar #: 67957