## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-20622-Civ-COOKE/TURNOFF

CARLOS GOMEZ,

      Plaintiff

vs.

ANDREW KERN, *et al.*,

      Defendants.

_____/

### <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

THIS CASE is before me on Defendant Ivette Kern's Motion to Dismiss (ECF No. 4).  I have reviewed the arguments, the record, and the relevant legal authorities.  Plaintiff, who is represented by counsel, has not filed a response to the motion to dismiss.[1]

### I. BACKGROUND

Plaintiff's Complaint asserts causes of action against Defendants Andrew and Ivette Kern for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and the Thirteenth Amendment for involuntary servitude.  Plaintiff seeks to recover unpaid overtime wages and unpaid minimum wages.  He also alleges that Defendants were "running a slave trade/sweat ship, where dozens of foreign workers are imported onto the Defendants [*sic*] property and forced to work under threat and duress of losing their job or being reported to immigration officials."

### II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."    Fed. R. Civ. P.  8(a)(2).   When

---

[1]  Local Rule 7.1(c) requires a responsive memorandum of law and clearly explains that the failure to file a responsive memorandum "may be deemed sufficient cause for granting the motion by default."  I have, however, considered the motion on its merits and am not granting the Defendant's motion by default.

considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

## III. ANALYSIS

### A. Count I – FLSA Violation

Defendant contends that Plaintiff has failed to state sufficient facts to support an FLSA claim. To state a claim for failure to pay overtime compensation under the FLSA, an employee must show: (1) an employment relationship; (2) the employee is subject to individual or enterprise coverage; and (3) that the employee worked over forty hours per week but was not paid overtime wages. *See Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, __ F. Supp. 2d __, 2012 WL 202803, at *2 (S.D. Fla. Jan. 20, 2012); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (individual and enterprise coverage are essential elements of an FLSA claim). "An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce." *Josendis*, 662 F.3d at 1315. Enterprise coverage applies where an employer: "(1) has at least two employees engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell,

or otherwise work on goods or materials that had once moved or been produced for in interstate commerce, and (2) has gross sales of at least $500,000 in sales annually." *Id*. at 1317.

Plaintiff fails to allege any facts to show that he is subject to individual or enterprise coverage.  He does not allege whether he directly and regularly engaged in interstate commerce or that Defendant's enterprise has employees who engage in interstate commerce or the production of goods for interstate commerce and meets the minimum statutory threshold for annual gross volume of sales or business.  Plaintiff's FLSA claim is therefore dismissed without prejudice.

### B.  Count II – FMWA Violation

Defendant argues that Plaintiff's FMWA claim must be dismissed because Plaintiff has not complied with statutory pre-suit notification requirements.  Before bringing a claim for unpaid minimum wages under FMWA, Fla. Stat. § 448.110, the aggrieved employee must notify the employer in writing of his intent to initiate such an action.  § 448.110(6)(a).  "The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." *Id*.  Upon receipt of such notice, an employer has fifteen days to resolve the matter before the aggrieved employee may file suit.  § 448.110(6)(b).

Plaintiff does not indicate in his Complaint whether he provided proper pre-suit notification.  Defendant states that Plaintiff provided her with a written demand, but disputes that it constitutes proper notice.  This Court cannot make a determination regarding Plaintiff's compliance because Plaintiff neither refers to the contents of the notice in his Complaint nor attaches the document to his Complaint.  Because I cannot determine whether Plaintiff complied with the statutory pre-suit notification procedure, I will dismiss this claim without prejudice.  *See Phillips v. M.I. Quality Lawn Maintenance, Inc*., No. 10-20698, 2010 WL 4237619, at *3 (S.D.

Fla. Oct. 21, 2010); *Resnick v. Oppenheimer & Co. Inc*., No. 07-80609, 2008 WL 113665, at *3 (S.D. Fla. Jan. 8, 2008).

### C. Count III – Thirteen Amendment

Defendant seeks dismissal of Plaintiff's claim for slavery because the Thirteenth Amendment, by itself, does not provide a private cause of action, and the Complaint fails to establish a factual and legal basis for an involuntary servitude claim.  The weight of authority indicates that the Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under one of the Thirteenth Amendment's implementing statutes.  *See, e.g.*, *Alma Soc'y Inc. v. Mellon*, 601 F.2d 1225, 1237-38 (2d Cir. 1979); *Jones v. Cawley*, No. 10-0712, 2010 WL 4235400, at *4 (N.D.N.Y. Oct. 21, 2010); *Dashiell v. Idaho*, No. 06-442, 2007 WL 2316606, at *2 (D. Idaho Aug. 2, 2007); *Baker v. McDonald's Corp*., 686 F. Supp. 1474, 1480 n.12 (S.D. Fla. 1987), *aff'd*, 865 F.2d 1272 (11th Cir. 1988);[2] *Sanders v. A.J. Canfield Co*., 635 F. Supp. 85, 87 (N.D. Ill.1986).

Because Plaintiff has brought his action for involuntary servitude directly under the Thirteenth Amendment rather than an implementing statute, it is dismissed without prejudice.  I will not address Defendant's arguments regarding the sufficiency of the claim because ithe Complaint provides no guidance regarding what statutory framework should be applied here.

---

[2] In 1986, the Eleventh Circuit stated in *Terry Properties, Inc. v. Standard Oil Co. (Ind.)*, that a person may be liable directly under the Thirteenth Amendment.  799 F. 2d 1523, 1534 (11th Cir 1986). In 1988, however, it upheld a district court decision dismissing any claim the plaintiff may have intended to assert directly under the Thirteenth Amendment.  *Baker*, 686 F. Supp. at 1480 n.12 ("The plaintiff may not maintain a cause of action directly under the Thirteenth Amendment for employment discrimination. Rather, the plaintiff must base his claims on one of the implementing statutes . . .." (internal citations omitted)), *aff'd*, 865 F.2d 1272 (11th Cir. 1988).

## IV. CONCLUSION

For the foregoing reasons, Defendant Ivette Kern's Motion to Dismiss (ECF No. 4) is

**GRANTED**.  Plaintiff's Complaint is **DISMISSED** without prejudice.  The Clerk is directed to

administratively **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of March 2012.

_____

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*